

The following constitutes
the order of the court. Signed March 10, 2011

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOSE MANUEL GARCIA and<br>MARIA T. GARCIA MICHEL,<br><br>                Debtors. | Case No. 10-55411 SLJ<br><br>Chapter 13 |

**MEMORANDUM DECISION**

**I.    INTRODUCTION**

     Debtors Jose Manuel Garcia and Maria T. Garcia Michel ("Debtors") seek to modify the second deed of trust on their residence. The court questioned whether this case was filed in good faith because Debtors obtained a chapter 7 discharge only days after commencing this case. The court also questioned whether Debtors could modify a lien if they cannot obtain a discharge in this case. The court concludes the case was filed in good faith and Debtors can modify secured claims even though they are not eligible for a chapter 13 discharge. It also finds Debtors' motion to strip down the lender's lien is supported by the evidence.

MEMORANDUM DECISION                -1-

## II. FACTS[1]

Debtors commenced this chapter 13 case pro se on May 24, 2010. They had a prior chapter 7 case and received a discharge in that case on May 25, 2010. Counsel substituted into this case after it was filed. On Schedule A Debtors identified real property at 2558 Bergman Court, San Jose, California (the "Property"), and they attribute a value of $898,834 to the Property. They indicated the liens on the Property totaled $972,205. According to Schedule D, the lienholders are OneWest Bank FSB ("OneWest"), and Wells Fargo Bank, N.A. ("Wells Fargo").

On September 2, 2010, Debtors filed a Motion to Value Collateral for Purposes of Voiding Lien (the "Motion to Value"). According to Debtors, the value of the Property remains $898,834, OneWest has a claim for $917,226.19, and Wells Fargo's note balance is $57,205.00. Debtors sought a determination that the Property's value is $898,834, and an order valuing Wells Fargo's lien at $0.

Debtors filed a Fourth Amended Chapter 13 Plan (the "Chapter 13 Plan") on November 3, 2010. The Chapter 13 Plan provides that Debtors will cure the arrearage on the Property over the life of their plan, and they will make similar adjustments to an automobile loan and a timeshare obligation.

The Chapter 13 Trustee objected to a prior version of that plan. She asserted that the Chapter 13 Plan was predicated on the Motion to Value. She maintains the Chapter 13 Plan is not confirmable because the court has not yet ruled on the Motion to Value.

## III. DISCUSSION

This case presents three distinct questions. First, may a debtor who receives a discharge in a chapter 7 case file a chapter 13 case? Second, may a debtor who received a chapter 7 discharge use the powers available under chapter 13 to modify mortgages on real property? Finally, do the facts support Debtors' Motion to Value?

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

MEMORANDUM DECISION -2-

## A. A Chapter 7 Discharge is No Bar to Filing a Chapter 13 Case

Section 1328(f)(1)[2] provides:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –
>
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter.

§ 1328(f)(1). Debtors received a chapter 7 discharge on May 25, 2010, so they cannot receive a discharge in this case. Section 1328(f) does not bar a chapter 13 filing, though, because eligibility for chapter 13 is not predicated on the availability of a discharge. *See* § 109(a), (e), and (g); *Johnson v. Home State Bank*, 501 U.S. 78, 83 and 87; *In re Tran*, 431 B.R. 230, 235 (Bankr. N.D. Cal. 2010). Debtors' Chapter 13 filing stands.

## B. The Availability of a Chapter 13 Discharge is Not a Predicate to Lien Stripping in Chapter 13

Judge Jellen of the Oakland Division of this court analyzed the question of whether a debtor in what has been called a "no discharge" chapter 13 can confirm a plan which modifies the rights of secured creditors using §§ 506(a) and 1325(a). *In re Tran*, 431 B.R. at 235-236. He found that the power to strip off wholly unsecured junior liens on real property is not conditioned on a debtor's right to a discharge under § 1328(f), but on the debtor's compliance with chapter 13 plan and confirmation requirements under §§ 1322 and 1325.

The court adopts Judge Jellen's analysis on this point.[3] So long as the requirements of §§ 506(a), 1322 and 1325 are satisfied, a "no discharge" debtor may strip wholly unsecured liens.

---

[2] All section references are the Bankruptcy Code, found at title 11 of the United States Code, unless indicated otherwise.

[3] The *Tran* decision also concludes that a chapter 13 case must be filed in good faith. The court does not find Debtors in this matter engaged in bad faith, as they are seeking to cure substantial arrearages on their secured claims and to restructure automobile and timeshare-related debt under their Chapter 13 Plan.

MEMORANDUM DECISION -3-

C. <u>The Motion to Value is Granted</u>

Debtors allege the OneWest claim exceeds the value of the Property. Wells Fargo did not object to the Motion to Value. Based on the evidence presented and the lack of objection by Wells Fargo, the court finds the Property's value is $898,834. The OneWest obligation is $917,226.19 and consumes Debtors' equity in the Property. Wells Fargo is not a secured creditor within the meaning of § 506(a) and its lien is therefore avoidable.

**IV. CONCLUSION**

Counsel for Debtors should submit a form of order granting the Motion to Value using the ECF Order Upload system. The form of the order should be consistent with the court's guidelines.

The second point in the Chapter 13 Trustee's October 7, 2010 Objection is overruled.